UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT
OF TENNESSEE

| | |
|---|---|
| H.B., a minor student, by and through her Father, D.B., and her mother, S.B., and D.B. and S.B., individually<br><br>Plaintiffs,<br><br>vs.<br><br>RUTHERFORD BOARD OF EDUCATION, A/K/A RUTHERFORD COUNTY SCHOOLS,<br><br>Defendant | No. _____ |

# COMPLAINT

**COME THE PLAINTIFFS, H.B.**, through her parents, D.B. and S.B., by and through their attorney, filing this Complaint arising out of a due process proceeding under Section 504 of the Rehabilitation Act and the Individuals with Disabilities Education Act. They show:

### I.   PARTIES AND JURISDICTION

1. H.B., a fifteen-year old teen zoned to a public school in the Rutherford County School system, resides in Rutherford County, Tennessee with her parents, D.B., her father, and S.B., her mother. D.B. and S.B. are named for purposes of reimbursement of attorneys' fees and expenses. The initials H.B., D.B., and S.B. are used to protect the educational privacy of a minor child with a disability.

2. Rutherford County Board of Education, a/k/a Rutherford County Schools ("RCS"), the Defendant, is vested with the control and operation of the public school system within Rutherford County, Tennessee.

1

3. Rutherford County Board of Education receives state and federal funding to provide special education to persons with disabilities under Section 504 and the IDEA.

4. This action is, first, an action for attorneys' fees and expenses in an administrative due process arising under Section 504, 29 U.S.C. §794a(b), and the IDEA, at 20 U.S.C. §1415(i)(3)(B)(i)(I). Second, this action includes an administrative appeal of a narrow issue under the Rehabilitation Act of 1973. The Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331.

5. Exhaustion of the administrative process has been fulfilled. Plaintiffs and Defendant were parties to an expedited administrative due process hearing under Section 504 and the IDEA on October 15, 2025 and October 24, 2025. On January 20, 2026, the Administrative Law Judge Richard Murrell entered an order establishing Plaintiffs as prevailing party and awarding them relief. That followed an Amended Final Order entered November 20, 2025. Plaintiffs are "aggrieved" in the sense that attorneys' fees and expenses remain and they appeal a ruling under Section 504. Accordingly, this matter is timely filed, including under the sixty-day period for the appeal from the November 20, 2025 Amended Final Order.[1]

## II. FACTS

### A. Plaintiff is the Prevailing Party Under Section 504 and IDEA

6. On September 11, 2025, Plaintiffs filed an administrative Due Process Complaint under Section 504 and the IDEA concerning her 365-day expulsion by RCS.[2]

---

[1] January 19, 2025 was a federal holiday, Martin Luther King Day.

[2] The Due Process Complaint stated, in part, "The obvious problem in this case is the District failed to conduct any manifestation determination or evaluation, whether IDEA and Tennessee special education law, or Section 504, as required by law. (DP Complaint, ¶31). For relief, Petitioners sought an order for a manifestation determination review (MDR), return to school, and a plan for behaviors. (*Id*.)

7. Through Orders of October 1, 2025; October 14, 2025; November 11, 2025; November 19, 2025; and November 20, 2025, the administrative law judge (ALJ) ordered evaluations and a manifestation determination review which, if positively correlated with disability, would require stoppage of the 365-day expulsion and a return of H.B. to her regularly zoned school.

8. On December 15, 2025, RCS's evaluation found H.B. eligible under Section 504 as a student with a 504-disability. The impairment/diagnoses included anxiety and major depression which substantially limited H.B.'s ability to concentrate, think clearly, and, when anxiety is present, she may act impulsively.

9. On December 18, 2025, RCS's evaluation found H.B. eligible under the Individuals with Disabilities Education Act for a secondary disability category of emotional disturbance (she was already eligible as Intellectually Gifted).

10. On January 6, 2026, RCS held the manifestation determination review. The MDR team unanimously found that the at-issue conduct *was* a manifestation of disability. Accordingly, RCS created a safety plan, H.B.'s expulsion was finally stopped, and she returned to school the following day of January 7, 2026.

11. On January 20, 2026, the ALJ entered an Order granting Petitioners' Motion to Record H.B.'s Change of Status and Obtain Remedy. The Order recognized that H.B. successfully obtained the evaluation, ended the expulsion, and obtained re-enrollment. The Order also found it appropriate to recognize the Petitioners as having prevailing party status, in part, as follows:

   a. $276 (of the $500) sought for interim educational costs of Acellus Academy;
   b. H.B. may sit for the Honors Algebra examination or receive additional compensatory education for it;

c. All four of the education credits missed from the expulsion; and

d. Destruction of ill-gotten psychological records at the conclusion of the appellate process.

12. Having memorialized H.B.'s change of status from expelled student to enrolled student with further compensatory relief, Plaintiffs are considered a prevailing party such that an award of reasonable attorneys' fees and expenses is ripe.

### B. Appeal of Section 504 Reasonable Suspicion

13. Although Plaintiff has now obtained most relief requested, including voidance of the expulsion and compensatory education, in an abundance of caution, the ALJ did not consider, or erred in finding, that RCS lacked reasonable suspicion of a disability under Section 504, *at least* by April 11, 2025.[3]

14. Because Section 504 is broader than the IDEA,[4] by April 11, 2025, at a minimum, school officials including administration and counselors knew all of the following for purposes of Section 504's "reasonable suspicion:" (1) that H.B. received mental health therapy in the school for years; (2) H.B. had engaged in cutting herself; (3) the administration was "keeping watch" on H.B. for her behaviors; (4) H.B. was taking antidepressants; (5) months before, H.B. had been removed from a class for "fighting;" (6) the therapist shared H.B.'s intrusive thoughts and "threats"; (7) H.B. was being teased and bullied, including about her cutting herself; (8) H.B. herself reported the bullying to administration; (9) the therapist placed H.B. on a "suicide path"

---

[3] See 34 C.F.R. §104.35(a).

[4] Section 504 is separate and broader than the IDEA. For example, the IDEA's "deeming" regulation evaluated conduct that stopped on the date of expulsion, April 9, 2025— "before the behavior that *precipitated* the disciplinary action," 34 C.F.R. §300.534(a)). Under Section 504, the change of placement occurs *after* ten days of expulsion. 34 C.F.R. §104.35(a).

and told school counselors to "just make sure that she's taken care of and that you're checking with her;" and (10) on April 11, 2025, a threat assessment disclosed a wealth of further information that H.B. was suicidal; she requires a "suicide assessment;" she has intense feelings of anger or resentment; she feels unfairly treated; she feels abused, harassed, or bullied; she has a history of self-injury or suicidal ideation; she has been seriously depressed. The parents also shared her diagnoses and antidepressant medications.

15. Accordingly, even though Plaintiffs succeeded in stopping the expulsion and received compensatory educational services and relief, RCS had sufficient notice under Section 504 to evaluate/manifest even sooner, which would have afforded Plaintiffs immediate relief rather than serving more than 100 days of an expulsion.

### III. LEGAL CLAIMS

#### COUNT I: ATTORNEYS' FEES AND COSTS UNDER SECTION 504 AND IDEA

16. Plaintiffs reallege and incorporate the foregoing factual paragraphs.

17. Due to the change of status, obtaining of an evaluation and MDR, cancellation of expulsion, creation of a safety plan, return to school, and further relief awarded including credits and monetary amount, Plaintiffs have achieved prevailing party status such that reimbursement of attorneys' fees and costs is appropriate under Section 504 of the Rehabilitation Act, 29 U.S.C. §794a(b), and the IDEA, 20 U.S.C. §1415(i)(3)(B)(i)(I).

#### COUNT II: SECTION 504 REASONABLE SUSPICION

18. Even though Plaintiffs have obtained almost all of the relief they sought under Section 504 and the IDEA, in an abundance of caution, Plaintiffs further plead that the ALJ erred by not determining that RCS had sufficient information to form a reasonable suspicion under

Section 504, at least by April 11, 2025. Accordingly, that part of the judgment must be reversed or modified, and the family awarded additional costs of education.

19. Section 504 requires school districts to evaluate students with perceived disabilities prior to any significant change in a student's placement—a period of ten days. 34 C.F.R. § 104.35(a). Section 504 considers whether the behavior in question was caused by or has a direct and substantial relationship to the student's disability. If it does, an expulsion may not be maintained, as that denies the student an equal opportunity because of disability. Of course, if the 504 team finds the student's behavior was not based on a disability, then the student may be disciplined in the same manner as nondisabled students.

20. The information RCS received by April 9, and certainly by April 11, including but not limited to the threat assessment, more than satisfied *reasonable* suspicion. Yet RCS denied an evaluation and manifestation determination review, resulting in expulsion of a student for disability-related conduct ("discrimination"). 34 C.F.R. §104.35(a). This conduct was intentional, and it foreseeably resulted in maintenance of an illegal expulsion under Section 504 and additional educational costs.

WHEREFORE, Plaintiffs request a Court-ordered schedule with a hearing or briefing date and for an Order awarding:

    A.    All attorneys' fees and costs for prevailing;

    B.    Other additional expenses due and owing to the family;

    C.    "Fees-to-collect-fees;"

    D.    "Such other relief as the Court deems just and proper."

Respectfully Submitted,

**GILBERT LAW, PLC**

/s Justin S. Gilbert (TN Bar No. 017079)
100 W. Martin Luther King Blvd, Suite 501
Chattanooga, TN 37402
Telephone: 423.756.8203
justin@schoolandworklaw.com