# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **H.B., a minor student, through the parents, D.B. and S.B.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-00068** |
| | ) | **Judge Aleta A. Trauger** |
| **RUTHERFORD COUNTY BOARD OF EDUCATION** *also known as Rutherford County Schools*, | ) | |
| | ) | LEAD CASE |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

**CONSOLIDATED WITH:**

| | | |
|---|---|---|
| **RUTHERFORD COUNTY SCHOOLS,** | ) | |
| | ) | |
| **Plaintiff/Counter-Defendant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:26-cv-00071** |
| | ) | |
| **H.B., a minor student, through the parents, D.B. and S.B.,** | ) | MEMBER CASE |
| | ) | |
| **Defendant/Counter-Plaintiff.** | ) | |

### <u>MEMORANDUM and ORDER</u>

Case No. 3:26-cv-00071 ("Member Case") and one consolidated with it, No. 3:26-cv-00068 ("Lead Case"), concern which of the parties is properly considered the "prevailing party" in an underlying administrative action for purposes of fee recovery. The defendants in case 3:26-71, H.B., a minor, and her parents, D.B. and S.B., have filed a Partial Motion to Dismiss (Doc. No. 9), which, for the reasons set forth herein, will be denied.

## I. FACTS AND PROCEDURAL HISTORY

### A. Background and administrative proceedings

H.B. was expelled for one year following an incident in Spring 2025, when she was an eighth-grade student in Rutherford County Schools ("RCS"). H.B. and her parents challenged the expulsion in an administrative Due Process Complaint. (Doc. No. 1-3.) They argued that, because H.B. has "overlapping disabilities of giftedness along with anxiety and depression," the school unlawfully expelled her without first determining whether the behavior at issue was a manifestation of her disability. (*Id.* ¶¶ 5–8, 30.) On October 14, 2025, an administrative law judge ("ALJ") ordered the school to "conduct an expedited mental health assessment" (the "Evaluation") to determine "whether H.B. has any mental health exceptionality, such as emotional disturbance, that requires special education services." (Doc. No. 1-4 at 2.)

Before the Evaluation concluded, the ALJ held a due process hearing to determine whether, under the Individuals with Disabilities Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), RCS had reason to believe that H.B. had a disability and that therefore it should have conducted a manifestation determination review ("MDR") before expelling her. (Am. Final Order ("November 2025 Order"), Doc. No. 1-9 at 2–3, 11–15.) The ALJ determined that H.B. had failed to show that, as of the hearing, she "was a child with a disability to invoke the IDEA or Section 504 discipline protections or a manifestation determination review" and upheld her expulsion. (*Id.* at 20.) At the same time, however, the ALJ also found that, "[i]f the assessment ordered on October 14, 2025, indicates that H.B. has a disability and that her conduct was related to that disability, the school must immediately end the expulsion and re-enroll H.B." (*Id.* at 20–21.) The ALJ further noted that, "[d]epending on the outcome of the evaluation, the Petitioners may be the prevailing parties on issues of compensatory

2

education, reimbursement for educational costs, and other related remedies." (*Id.* at 20 (citation omitted).)

As it turned out, as the ALJ explained in an Order dated January 20, 2026, the Evaluation and "[Individualized Education Program] Team review indicated that H.B. *did have* a disability not previously established," and the "MDR decision was that the behavior that resulted in H.B. being expelled from RCS *was* a manifestation of her disability." (Order Granting Motion to Record H.B.'s Change of Status and Obtain Remedy ("January 2026 Order"), Doc. No. 1-14 at 2 (emphasis added).) Therefore, "H.B.'s expulsion was ended, and H.B. was reenrolled in RCS." (*Id.*) In the January 2026 Order, the ALJ awarded H.B. several hundred dollars in interim education expenses, the right to sit for a missed algebra exam, and compensatory education. (*Id.* at 3–4.) The ALJ also found that "it is appropriate to recognize the Petitioners [H.B. and her parents] as having prevailing party status." (*Id.* at 3.)

## B. The consolidated actions

On the same day that the ALJ recognized them as the prevailing parties, H.B. and her parents filed a Complaint, initiating what has become the Lead Case, alleging that, based on their prevailing party status, they are entitled to costs and attorneys' fees under the IDEA and Section 504. Complaint ¶ 17, *H.B. v. Rutherford Bd. of Educ.*, No. 3:26-cv-00068 (Jan. 20, 2026 M.D. Tenn.) [Doc. No. 1]. At the parties' request, that case has been consolidated with this one. (Doc. No. 17.)[1] Also that same day, RCS filed a Complaint (Doc. No. 1), initiating what has become the Member Case, along with Exhibits (Doc. Nos. 1-1 through 1-14). H.B. filed a Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction (Mootness/Redressability) (Doc. No. 9), a

---

[1] The court will cite documents filed in case No. 26-cv-00071 with parentheses and documents filed in case No. 26-cv-00068 with brackets.

3

Memorandum in support thereof (Doc. No. 9-1), and Exhibits (Doc. Nos. 9-2, 9-3), to which RCS filed a Response (Doc. No. 15), and in further support of which H.B. filed a Reply (Doc. No. 16). H.B. also filed an Answer, which includes a counterclaim for attorneys' fees and costs. (Doc. No. 10 at 52 ("For H.B., S.B., and D.B.'s own relief, in addition to that sought in . . . No. 3:26-cv-00[0]68, H.B. et al. seek their attorneys' fees and costs under the IDEA and Section 504 in this action.").) RCS has not filed an answer to the counterclaim.

In its 237-paragraph Complaint, RCS asks the court to:

(A) Reverse or vacate the Order dated January 20, 2026 and only those portions of the [November 2025] Final Order that are challenged in this action;

(B) Deny all relief awarded to Defendants in the underlying administrative due process proceeding;

(C) Declare RCS the prevailing party with respect to all claims asserted in the Due Process Complaint and all matters addressed in the [November 2025] Final Order; [and]

(D) Award RCS its reasonable attorneys' fees and costs, to the extent permitted by the [IDEA]."

(Compl. at 45.) As described, in the January 2026 Order the ALJ granted H.B. several hundred dollars in interim education expenses, the right to sit for an Algebra exam, four credits of compensatory education, and other relief. (Doc. No. 1-14 at 3–4.) In addition, the ALJ "recognize[d]" H.B. and her parents "as having prevailing party status." (*Id.* at 3.) RCS's Complaint appears to request that such relief be denied or vacated. The Complaint also seeks reversal of certain of the ALJ's legal conclusions in the November 2025 Order, including: (a) that the school must reenroll H.B. if it turns out that her conduct was the result of a disability (Compl. ¶¶ 182, 227, 229); (b) that H.B. was entitled to a manifestation determination review (*id.* ¶¶ 186, 228) and the Evaluation (*id.* ¶¶ 189, 230–31); and (c) that, depending on the Evaluation's outcome, H.B. and her parents "may be the prevailing parties." (*id.* ¶ 230; *see also id.* ¶¶ 188, 232–35).

4

## C.     Briefing

H.B.'s Motion seeks partial dismissal of the Complaint, specifically "those portions of . . . [the] Complaint seeking relief that is now moot and/or not redressable under Article III." (Doc. No. 9 at 1.) H.B. argues that the court lacks jurisdiction to "address the gravamen of RCS's complaint: to undo the ended expulsion, reverse the re-enrollment, invalidate the manifestation determination review of the RCS team, undo H.B.'s safety plan, and/or strip eligibility status resulting from H.B.'s completed evaluation." (*Id.* at 2.) That is, since H.B. has already been returned to school, for example, RCS cannot "relitigate the correctness of a now-completed administrative remedy." (*Id.* at 5.)

In response, RCS contends that H.B. has "mischaracterize[ed]" its action. (Doc. No. 15 at 1.) "RCS does not seek to retroactively remove H.B. from school, undo her evaluation, or discontinue any services provided under the IDEA." (*Id.* at 3.) Instead, the "live dispute in this action concerns prevailing party status and the legal consequences that stem from it, including entitlement to compensatory education, interim educational expenses, attorneys' fees, and other relief." (*Id.* at 1.) And, RCS argues, the conclusion that H.B. and her parents were the prevailing parties hinged on the ALJ's incorrect legal determinations, including that H.B. may be entitled to re-enrollment depending on the results of assessments. (*See id.* at 3–4 ("What RCS disputes is not the provision of services and H.B.'s current educational placement, but the Tribunal's legal determination that those actions were *compelled* by an IDEA violation thereby entitling Defendant to prevailing party status and relief in the form of compensatory education and interim educational expenses.") (emphasis in original).) That is, RCS does not want this court to reverse the ALJ's determination that H.B. must be re-enrolled so that it can expel her again; rather, it challenges the legal determinations as a way to challenge the ALJ's conclusion that H.B. and her parents were the prevailing parties. And, as RCS explains, because H.B. is "pursuing prevailing-party relief in

5

a companion case, the validity of the January 20 Order has immediate and concrete financial consequences." (*Id.* at 4.)

H.B. argues in her Reply that, because RCS has conceded that it does not seek to undo any of the *actions* taken regarding her, "there is no redressable controversy as to the evaluation, voidance of expulsion, or return to school," including the ALJ's legal determinations on those issues. (Doc. No. 16 at 2.)

The question before the court, therefore, is whether it has subject-matter jurisdiction over RCS's claims that the ALJ improperly reached certain legal conclusions, which implicate prevailing party status and fees but not H.B.'s school placement or services. Specifically, H.B. contends that the doctrines of mootness and redressability preclude this court from exercising jurisdiction over some of RCS's claims. (Doc. No. 9 at 1.)

## II.      DISCUSSION

Because the court must resolve these same issues in the Lead Case, the court finds it would not be an efficient use of judicial resources to decide them upon H.B.'s Motion. On June 26, 2026, in the Lead Case, the parties cross-filed Motions for Judgment on the Administrative Record,[2] with accompanying memoranda. [Doc. Nos. 19–20 (RCS), 21–22 (H.B.).] In relevant part, RCS asks the court to "reverse those portions of the Final Order and the January 20, 2026 Order requiring or implying a post-hoc manifestation determination review, concluding that RCS failed to timely evaluate H.B., awarding relief based upon post-hearing events, and conferring prevailing party status upon Plaintiffs . . . [and] declare RCS the prevailing party in this action." [Doc. No. 19 at 2.] In its Memorandum, RCS makes many of the same arguments it makes in response to the

---

[2] H.B. and her parents style their motion as "Plaintiffs' Motion for Judgment Sustaining Relief in a Due Process Hearing." (Doc. No. 21 at 1.)

6

defendants' Partial Motion to Dismiss. For example, RCS argues that the ALJ's determination, in the November 2025 Order, that a post-hearing Evaluation "could require a post-hoc MDR and automatic reinstatement," was incorrect. [Doc. No. 20 at 16–18.] And it argues that H.B. and her parents were not the prevailing parties. [*Id.* at 26–29.] H.B. and her parents, for their part, make similar arguments as those in support of their Partial Motion to Dismiss. For example, they argue that "RCS's requested relief—to unwind a completed evaluation, a unanimous manifestation determination review, the rescission of H.B.'s expulsion, and her return to school—is not redressable under Article III and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1)." [Doc. No. 21 at 1; *see also* Doc. No. 22 at 8–9 ("RCS's requested relief . . . would require this Court to . . . 'un-end' [H.B.'s] expulsion.").]

The court finds that judicial resources would be better spent addressing the issues H.B. and her parents raise here when considering the fully briefed cross-Motions for Judgment in the Lead Case.

## III. CONCLUSION AND ORDER

In the interest of judicial economy, the defendants' Partial Motion to Dismiss (Doc. No. 9) is **DENIED WITHOUT PREJUDICE**.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge

7